IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demetrius Hunter,                    )<br>            Plaintiff,         )<br>                                              )<br>vs.                                          )<br>                                              )<br>Federal Correctional Institution )<br>Medical Director,                     )<br>                                              )<br>            Defendant.        )<br>_____) | Civil Action No. 4:23-cv-02106-TMC<br><br>**ORDER** |

Plaintiff Demetrius Hunter, a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this civil action seeking medical treatment. (ECF Nos. 1 at 3; 1-2 at 6). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On May 25, 2023, the magistrate judge issued a Proper Form Order, allowing Plaintiff twenty-one days to, among other things, complete a complaint form addressing the deficiencies noted in the Proper Form Order. (ECF No. 5). Plaintiff filed a complaint form, which was subsequently attached to his originally filed complaint at docket entry 1. On July 10, 2023, the magistrate judge issued a Report and Recommendation ("Report"), recommending the court dismiss this action with prejudice, without issuance and service of process, and without leave to amend. (ECF No. 13). The Report notified Plaintiff of his right to file objections thereto, (ECF No. 13 at 7), and was mailed to Plaintiff on July 10, 2023, at the address he provided to the court (ECF No. 14). The Report has not been returned as undeliverable and Plaintiff is, therefore, presumed to have received it. Nevertheless, Plaintiff has failed to file any objections to the Report and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*,

1

774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 13), which is incorporated herein by reference. Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 10, 2023

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.